**FOX ROTHSCHILD LLP**
**Formed in the Commonwealth of Pennsylvania**
By: Steven J. Link, Esq.
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648-2311
Tel: (609) 896-3600
Fax: (609) 896-1469

**BERMAN, SOBIN, GROSS, FELDMAN & DARBY LLP**
By: P. Matthew Darby, Esq. (*pro hac vice admission to be sought*)
Patrick, M. Wysong, Esq. (*pro hac vice admission to be sought*)
1301 York Road, Suite 600
Lutherville, Maryland 21093
Tel: (410) 769-5400
Fax: (410) 769-9200
*Attorneys for Plaintiff, Jack Bartman*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JACK BARTMAN<br>95 Bergen Avenue<br>Walden, New York 12586,<br><br>Plaintiff,<br><br>vs.<br><br>NEW JERSEY TRANSIT RAIL OPERATIONS<br>1 Penn Plaza East<br>Newark, New Jersey 07105,<br><br>Defendant. | ) | Civil Action No.<br><br>**(Document Filed Electronically)** |

**COMPLAINT AND REQUEST FOR JURY TRIAL**

Plaintiff, Jack Bartman, by and through his undersigned counsel, sues Defendant, New Jersey Transit Rail Operations, for violations of the Federal Employers' Liability Act, 45 U.S.C. §§ 51 – 60 ("FELA") and for reasons and causes of action states as follows:

1. Plaintiff, Jack Bartman (hereinafter referred to as "Plaintiff") is an adult individual who resides at 95 Bergen Avenue, Walden, New York 12586.

2. Defendant, New Jersey Transit Rail Operations (hereinafter referred to as "Defendant"), is a railroad corporation organized and existing under and by virtue of the laws of the State of New Jersey and was at the time of the injury hereinafter alleged and is now doing business within the jurisdiction of the Court as an interstate common carrier of passengers and freight for hire into and from various states of the Union.

3. At all times hereinafter mentioned, Plaintiff and Defendant were engaged in interstate commerce; all trackage cars, equipment, and premises involved were under the control of Defendant.

4. Plaintiff's cause of action arises under Acts of Congress of April 22, 1908, 35 Stat. Chapter 149, with amendments thereto, commonly known as the Federal Employers' Liability Act (45 U.S.C., Chapter 2, Secs. 51-60).

5. On or about February 4, 2014, at approximately 6:00 a.m., Plaintiff, while in the employ of Defendant as a Conductor, sustained severe personal injury.

6. On the aforementioned date, Plaintiff was assigned as a Conductor on a commuter rail train operating from Port Jervis, New York to Hoboken, New Jersey. At the aforementioned time, the train in question made a routine stop at the Ramsey, New Jersey train station to pick-up passengers. Prior to departure from the station, Plaintiff, because of severe icing, was required to

manually close a heavy railcar door. As he was sliding the door closed, it malfunctioned and became stuck, and as a result, he sustained an injury to his left knee.

7. Defendant owed to Plaintiff a non-delegable duty to provide a reasonably safe place in which to perform his work.

8. The aforesaid injury was caused by the negligence of the Defendant, its agents, servants, and employees in that:

(a) It failed to use reasonable care to furnish Plaintiff with a reasonably safe place in which to work;

(b) It failed to inspect, maintain, and repair the railcar door involved in the incident in question;

(c) It failed to warn Plaintiff of the dangerous nature of the railcar door involved in the incident in question; and

(d) It was otherwise careless, reckless and negligent.

9. As a result of Defendant's negligence and violation of FELA, Plaintiff was seriously, painfully, and permanently injured about his body and limbs, resulting in injuries to his left knee, some or all of which may be permanent and which may and/or have necessitated surgical intervention.

10. As a further result of Defendant's negligence and violation of FELA, Plaintiff has in the past and will in the future incur substantial medical and other expenses in an effort to cure and rehabilitate himself from these injuries.

11. As a further result of Defendant's negligence and violation of the above-noted Act, Plaintiff has in the past and will in the future suffer a severe loss of earnings and an impairment of his earning capacity, much to his great detriment and loss.

12. As a further result of Defendant's negligence and violation of FELA, Plaintiff has in the past, and will in the future suffer great physical pain and suffering, mental anguish, a loss of the enjoyment of life, a diminishment of the quality of life, and other losses, to his great mental, physical, financial, and emotional harm.

**WHEREFORE**, Plaintiff, Jack Bartman, demands judgment against Defendant, New Jersey Transit Rail Operations, for damages, interest, costs of suit, attorneys' fees, and such other relief as the Court deems just and equitable.

Respectfully submitted,

**FOX ROTHSCHILD LLP**
*Attorneys for Plaintiff, Jack Bartman*

By: /s/ Steven J. Link
STEVEN J. LINK

Dated: January 21, 2016

TO BE ADMITTED PRO HAC VICE

P. Matthew Darby, Esq.
Patrick, M. Wysong, Esq.
Berman, Sobin, Gross, Feldman & Darby, LLP
1301 York Road, Suite 600
Lutherville, Maryland 21093
Tel: (410) 769-5400
Fax: (410) 769-9200

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

Plaintiff, Jack Bartman, certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

**FOX ROTHSCHILD LLP**
*Attorneys for Plaintiff, Jack Bartman*

By:/s/ Steven J. Link
STEVEN J. LINK

Dated: January 21, 2016

**JURY DEMAND**

Plaintiff, Jack Bartman, hereby demands a trial by jury on all causes of action so triable.

**FOX ROTHSCHILD LLP**
*Attorneys for Plaintiff, Jack Bartman*

By:/s/ Steven J. Link
STEVEN J. LINK

Dated: January 21, 2016